UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE LUCAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PLACER COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Respondent. | No. 2:24-cv-1336 AC P<br><br><br>ORDER TO SHOW CAUSE |

Petitioner, a civil detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I.　　Background[1]

In October 2008, eleven days before petitioner's release date, the Board of Parole Hearings issued a forty-five-day hold on petitioner to facilitate a sexually violent predator (SVP) review by the Department of Mental Health. In re Lucas, 53 Cal.4th 839, 847-48 (2012).

---

[1] Petitioner has provided little information regarding his commitment. However, the court has been able to identify the relevant proceedings and opinions based on the case numbers petitioner provided in the petition. See ECF No. 1 at 2-3.

1 Petitioner filed a state habeas petition challenging the validity of the regulation that authorized the hold, and appealed all the way to the California Supreme Court. Id. The Supreme Court affirmed the court of appeal's judgment denying the habeas corpus petition. Id. at 858. In 2013, the state trial court found petitioner to be an SVP within the meaning of the Sexually Violent Predator Act (SVPA) and ordered him committed to the Department of State Hospitals. People v. Lucas (Lucas I), No. C092922, 2021 WL 3524093, at *1 (Cal. Ct. App. Aug. 11, 2021). On June 17, 2015, the Third District Court of Appeal affirmed the judgment. People v. Lucas, No. C075523, 2015 WL 3796222, at *3, 2015 Cal. App. Unpub. LEXIS 4236, at *7 (Cal. Ct. App. June 17, 2015). Petitioner filed a petition for review in the state supreme court, which was denied on August 26, 2015. People v. Lucas, No. S227571, 2015 Cal. LEXIS 5854 (Cal. Aug. 26, 2015).

In 2019, the Department of State Hospitals determined that it would not be appropriate to release petitioner, either conditionally or unconditionally, and the following year petitioner filed a petition for unconditional discharge. Lucas I, 2021 WL 3524093, at *1, 2021 Cal. App. Unpub. LEXIS 5172, at *1. The trial court dismissed the petition, and on August 11, 2021, the subsequent appeal was also dismissed. Id. There is no indication that petitioner appealed the dismissal.

II.   Petition

Petitioner appears to challenge his commitment under the SVPA on the grounds that the proceedings suffered from due process violations and violated his right against self-incrimination. ECF No. 1 at 6-7.

III.   Discussion

"It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement." Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (citing Duncan v. Walker, 533 U.S. 167, 176 (2001)). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1).

In this case the applicable date appears to be that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." See Day v. McDonough, 547 U.S. 198, 209 (2006). However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210.

It is unclear whether petitioner is attempting to challenge the state court determination that he is an SVP or the denial of his 2020 petition for unconditional release. However, both proceedings have long since concluded and the petition appears to be untimely regardless of which judgment he is attempting to challenge. Petitioner's initial SVP commitment became final in 2015, and the denial of his petition for discharge became final in 2021. The petition in this action was not constructively filed until May 7, 2024, well after the time to challenge either judgment became final.

Moreover, to the extent petitioner is attempting to challenge the 2021 denial of his petition for discharge, his claims appear to be unexhausted. A search of the California Supreme Court's case information website shows that the last action petitioner initiated in that court was the petition for review of the determination that he was an SVP, which was denied in 2015. See Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court).

For these reasons, petitioner will be required to show cause why the petition should not be dismissed as untimely, and if he is attempting to challenge the 2021 denial of his petition for discharge, he must further show that the petition is not exhausted.

As to the timeliness of the petition, if petitioner believes the statute of limitations began to run on a different date, he should identify that date and explain why he believes the one-year period runs from that date.

With regard to statutory tolling, the limitations period may be tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "However, the statute of limitations is not tolled 'from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed.'" Roy v. Lampert, 465 F. 3d 964, 968 (9th Cir. 2006) (alteration in original) (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)). A state habeas petition must have been filed prior to the expiration of the one-year statute of limitations to have a tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). It therefore does not appear that petitioner is entitled to any statutory tolling based upon the information provided in the petition or the record currently before the court. If petitioner believes that he is entitled to statutory tolling for state habeas petitions, he should submit additional information regarding those petitions.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida,

560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted). If petitioner believes that he is entitled to equitable tolling, he should provide information showing that he is so entitled. This includes information regarding any extraordinary circumstances that he believes entitle him to tolling, the dates that those circumstances existed, and what steps he took to pursue the petition during that time.

A showing of actual innocence can also satisfy the requirements for equitable tolling. Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[W]here an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup [v. Delo, 513 U.S. 298 (1995),][2] gateway and have his constitutional claims heard on the merits." Lee, 653 F.3d at 937; accord, McQuiggin, 569 U.S. at 386. To make a credible claim of actual innocence, petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner cannot pursue a claim for actual innocence without new evidence to offer for consideration.

For the reasons set forth above, the petition appears to be untimely and petitioner shall be required to show cause why the petition should not be dismissed as untimely.

---

[2] In Schlup, the Supreme Court announced that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Within thirty days of service of this order, petitioner must show cause why the petition should not be dismissed as untimely. If petitioner is challenging the 2021 denial of his petition for release, he must also show why his claims should not be dismissed as unexhausted. Failure to comply with this order will result in a recommendation that the petition be dismissed.

DATED: November 21, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE