UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE LUCAS, | No. 2:24-cv-1336 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| PLACER COUNTY SUPERIOR COURT, et al., | |
| Respondent. | |

    Petitioner is a civil detainee proceeding pro se with a writ of habeas corpus challenging his commitment under the Sexually Violent Predator Act (SVPA). By order filed November 22, 2024, petitioner was ordered to show cause why the petition should not be dismissed. ECF No. 6. Petitioner has now filed his response. ECF No. 7.

    In ordering petitioner to show cause why his petition should not be dismissed, the undersigned determined that because petitioner was challenging his involuntary commitment under the SVPA, the petition was properly brought under 28 U.S.C. § 2254. ECF No. 6 at 2. The undersigned further found that it was unclear whether petitioner was challenging the state court's 2013 determination that he is a sexually violent predator (SVP) or the 2021 denial of his petition for discharge, but that in either case the petition appeared to be untimely, and that any claims related to the 2021 denial also appeared to be unexhausted. Id. at 3-4. Petitioner was ordered to show cause why the petition should not be dismissed as untimely, and if he was challenging the

1

2021 denial of his petition for release to further show cause why the petition should not be dismissed as unexhausted. Id. at 6.

In his response, petitioner asserts that his petition is being brought under 28 U.S.C. § 2241 and appears to argue that it is therefore not subject to the one-year statute of limitations or exhaustion requirements applicable to § 2254 petitions. ECF No. 7 at 5-6. He further states that he is not challenging the state court determination that he is an SVP because that determination is based on an unconstitutional law and is therefore already void. Id. at 3-4. Petitioner claims four grounds for relief: (1) the SVP petition was fraudulent, (2) the Board of Parole Hearings failed to follow their own policies, (3) the prosecutor at his SVP trial "stepped outside the State's Constitution . . . to achieve unlawful enrichment," and (4) hospital staff shortages "extend delays for access to liberty interests." Id. at 1-2.

Because petitioner asserts that the petition is brought under § 2241, the court must first address whether his claims are appropriate for a § 2241 petition. If the claims are not appropriate for a § 2241 petition, the court may convert it to a § 2254 petition at petitioner's request or with his consent. See Dominguez v. Kernan, 906 F.3d 1127, 1137-38 (9th Cir. 2018) (noting other courts have recognized court's authority to convert a petition from a § 2241 petition to a § 2254 petition and applying same rationale to reverse situation on petitioner's request or with his consent). "Section 2241 provides a general grant of habeas authority that is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment, such as a defendant in pretrial detention." Bean v. Matteucci, 986 F.3d 1128, 1131 (9th Cir. 2021) (citing Dominguez, 906 F.3d at 1135). Accordingly, if petitioner's commitment proceedings were currently ongoing without a final judgment having been rendered, a petition under § 2241 would be appropriate. However, as was previously determined, petitioner is in custody pursuant to a state court judgment finding him to be an SVP and ordering his commitment to the Department of State Hospitals, see ECF No. 6 at 1-2 (summarizing petitioner's commitment proceedings), and "[i]t is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement," Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005). Petitioner's assertion that the judgment is void

2

1  does not change the fact that he is in custody pursuant to a state court judgment and that the
2  petition is appropriately brought under § 2254.

3  Because the claims in the petition are not properly brought under § 2241, the petition must
4  either be dismissed or converted into a § 2254 petition.  However, because the petition is
5  untimely, as discussed below, the court declines to offer petitioner the opportunity to convert his
6  petition.  In making the initial determination that the petition is untimely, the court found that
7  petitioner's commitment became final in 2015 and the denial of his petition for discharge became
8  final in 2021.  ECF No. 6 at 3.  The current petition was not constructively filed until May 7,
9  2024, well beyond the one-year statute of limitations, and petitioner was directed to show cause
10 why the petition should not be dismissed as untimely.  Id.  In directing petitioner to show cause,
11 the court advised him that he should provide additional information if he believed that he was
12 entitled to (1) a different trigger date, (2) statutory tolling, or (3) equitable tolling.  Id. at 4-5.

13 Petitioner asserts only that his petition is not subject to the one-year statute of limitations
14 or exhaustion requirements, and that he is not challenging the state court determination that he is
15 an SVP because that determination is based on an unconstitutional law and is therefore already
16 void.  ECF No. 7 at 3-6.  As addressed above, petitioner's assertion that he is not subject to the
17 one-year statute of limitations or exhaustion requirements is without merit because his claims are
18 not appropriate for a § 2241 petition and can only be brought pursuant to § 2254.  Moreover, his
19 assertion that his commitment order is "void" does not establish that the commitment order was
20 not final in 2015, and he provides no facts showing an entitlement to statutory or equitable
21 tolling.

22 For all these reasons, the court finds that the petition is not appropriately brought under
23 § 2241 and declines offer petitioner the option to convert the petition to a § 2254 petition.
24 Petitioner has failed to establish that he is entitled to a later trigger date or statutory or equitable
25 tolling, and the petition is therefore untimely for the reasons set forth in the November 22, 2024
26 order to show cause (ECF No. 6), which is incorporated herein by reference.
27 ////
28 ////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

DATED: December 19, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE